### 31902. LONG *v.* THE STATE.

DECIDED APRIL 24, 1948.

*Henry L. Barnett,* for plaintiff in error.

*Warren Akin, Solicitor-General,* contra.

MacINTYRE, P. J. On October 11, 1947, the judge of the Superior Court of Gordon County pronounced and signed the following sentence: "Whereupon, it is considered, sentenced and adjudged, by the court, that Carlton Long do pay within three days a fine of three hundred dollars to include all the costs of the prosecution and serve 12 months in the public works camp, but said jail and public works camp sentences shall be served

outside said penal institutions during good behavior and conditioned upon paying fine and then be discharged."

On November 28, 1947, the same judge who had passed this sentence, upon a hearing duly had, heard "evidence introduced by the State, showing that the defendant [on November 22, 1947] was in possession of liquor upon which the State tax had not been paid," and he revoked the "alleged probationary part of said sentence of October 11, 1947," although "it [was] agreed and proven that the defendant Carlton Long had on the 11th day of October, 1947, paid the fine of three hundred dollars provided in said sentence." (Quotations from the bill of exceptions.)

The defendant contends that the said sentence of October 11, 1947, should be construed as meaning that upon payment of the fine imposed he should be discharged.

We cannot agree with this contention, but are of the opinion that the sentence meant that Carlton Long was sentenced to pay a fine of three hundred dollars and also was sentenced to serve 12 months in the public works camp; that the latter sentence of servitude should "be served outside said penal institutions" on probationary status on two conditions, (1) the payment of the fine within three days, and (2) only during good behavior; but that if Long failed to comply with either of the conditions, he should serve the sentence within "said penal institutions;" and that in either event he should both pay the fine and not be discharged until the end of 12 months. The facts of this case differentiate it from those cited by the defendant.

The judge did not err in revoking the remaining part. of the probation sentence.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*